UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ETHAN WASH,

    Plaintiff,

v.                                            Case No.  6:14-cv-1424-Orl-40TBS

MAC ACQUISITION OF DELAWARE, LLC
d/b/a ROMANO'S MACARONI GRILL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case comes before the Court without oral argument on Defendant's Motion to Dismiss or, in the Alternative, Stay this Action and Compel Arbitration. (Doc. 4). Plaintiff has not filed a response in opposition to the motion and the time to do so has passed.  For the reasons that follow, I recommend that the motion be granted.

### Background

Plaintiff filed this action in state court, alleging that from approximately May 1, 2013 through May 20, 2014, he was employed by Defendant as an hourly worker. (Doc. 2, ¶ 3).  He complains that Defendant took an illegal "tip credit" from his wages in violation of the Florida Minimum Wage Act.  (Id., ¶ 11).  Defendant contends that Plaintiff's allegations are in reality, an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., that was mis-characterized or artfully pled as a state court claim. (Doc. 1, ¶ 6). Defendant removed the case to this Court and then filed the instant motion to dismiss or compel arbitration based upon the following language in its employment agreement with Plaintiff:

> I understand that by accepting employment with Macaroni Grill, I agree that any claim, controversy or other dispute relating to my employment, separation from the company, or following separation from the company, shall be resolved by arbitration, in lieu of jury trial or any other legal proceeding, pursuant to the Federal Arbitration Act (Title 9, United States Code), and in accordance with the provisions of the Macaroni Grill Dispute Resolution Program ("DRP"), which I have received and been given an opportunity to read.

(Doc. 4-1 at 1).

## Discussion

Motions to compel arbitration are generally treated as motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Mullinax v. United Mktg. Grp., LLC, No. 1:10-cv-05385-JEC, 2011 WL 4085933 at *8 (N.D. Ga. Sept. 13, 2011). Rule 12(b)(1) attacks are either "facial" or "factual." Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256, 1260 (11th Cir. 1997). Motions to compel arbitration generally raise factual attacks. Mullinax. When a party makes a factual attack, the court may consider matters outside the pleadings. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Accordingly, the Court can consider the written agreement proffered by Defendant.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006), is the substantive law controlling the validity and enforcement of arbitration agreements. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005). It preempts state law to the extent state law treats agreements to arbitrate differently than other contracts. Id. The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." Buckeye Check

Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006). Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2.

Whether the parties entered into an agreement to arbitrate is ordinarily an issue for judicial determination. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 288 (2010). In deciding whether the parties agreed to arbitration, the Court applies state law governing the formation of contracts, while at the same time considering the federal policy favoring arbitration. Caley, 428 F.3d at 1367-68. A party cannot be required to arbitrate a dispute it did not agree to submit to arbitration. Chastain, 957 F.2d at 854.

Florida public policy favors arbitration. Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 472 (Fla. 2011). When deciding a motion to compel arbitration under Florida law, the Court considers: "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived." Senti v. Sanger Works Factory, Inc., No. 6:06-cv-1903-Orl-22DAB, 2007 WL 1174076, at *5 (M.D. Fla. April 18, 2007). "'All questions concerning scope or waiver of the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it.'" Id. at *5 (quoting Zager Plumbing, Inc. v. JPI Nat. Const., Inc., 785 So. 2d 660, 662 (Fla. 3d DCA 2001). Because Plaintiff has not disputed the making, content, validity, or enforceability of the agreement submitted by Defendant, I recommend the Court find that the parties did enter into a valid arbitration agreement.

The FAA applies to arbitration agreements "involving commerce." 9 U.S.C. § 2.

The Supreme Court interprets the "involving commerce" standard as "the functional equivalent of the more familiar 'affecting commerce'-words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2002).  Plaintiff alleges in his complaint that Defendant is an enterprise engaged in commerce, that has annual gross sales of at least $500,000.  (Doc. 2, ¶ 19).  Based upon these allegations, I recommend the Court find that the FAA applies to this controversy.

The agreement provides for the arbitration of "any claim, controversy or other dispute relating to" Plaintiff's employment by Defendant.  (Doc. 4-1 at 1).  Plaintiff's wage claim against Defendant comes within the scope of this provision.

Accordingly, I recommend the Court find that the parties entered into a valid, enforceable arbitration agreement which covers this dispute.  Based upon these findings, I recommend the Court dismiss this action without prejudice.

Recommendation

Now, it is respectfully RECOMMENDED that the Court:

(1) Grant Defendant's motion to compel arbitration;

(2) Terminate all other pending motions;

(3) Dismiss this action without prejudice; and

(4) direct the Clerk to close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a

de novo determination by a district judge and from attacking factual findings on appeal.

    IN CHAMBERS in Orlando, Florida, on September 24, 2014.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    United States District Judge
    Counsel of Record